```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
SHAWNA P. DOMBERT,

                        Plaintiff,            09-cv-6547

            v.                                **DECISION**
                                              **and ORDER**
MICHAEL J. ASTRUE, Commissioner
of Social Security,

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff, Shawna P. Dombert ("Plaintiff"), brings this action pursuant to Title XVI of the Social Security Act ("the Act") seeking review of the decision of the Commissioner of Social Security ("Commissioner"), denying Plaintiff's application for Supplemental Security Income ("SSI"). Specifically, Plaintiff alleges that the Commissioner's decision is not supported by substantial evidence in the record. The Commissioner contends that there is substantial evidence in the record to support his decision to deny Plaintiff SSI benefits. Both the Plaintiff and the Commissioner move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)").

After reviewing the entire record, this Court finds that the decision of the Commissioner is supported by substantial evidence in the record. Therefore, for the reasons set forth below, the Commissioners motion for judgement on the pleadings is granted, and the Plaintiff's motion is denied.

1

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits ("DIB") and SSI on February 21, 2008 alleging disability due to back pain, arthritis, depression, anxiety, high blood pressure and a foot deformity. See Transcript of Administrative Proceedings ("Tr.") at 43. In her application, Plaintiff alleged an onset date of January 24, 2008, the day after a previous application for disability benefits was denied by an administrative law judge. See Tr. at 16. Plaintiff subsequently withdrew her application for DIB, and her claim for SSI was initially denied on March 16, 2008. Id. Plaintiff filed a request for a hearing, and the hearing was held in Corning, N.Y. on March 17, 2009 before Administrative Law Judge Michael W. Devlin ("ALJ"). Id. Plaintiff appeared, with counsel, and testified at the hearing. Id.

The ALJ denied Plaintiff's claim for SSI on June 1, 2009, finding that Plaintiff was not disabled within the meaning of the Act. The Social Security Appeals Counsel denied further review on September 17, 2009. Plaintiff then filed this action on October 29, 2010.

**DISCUSSION**

**I.   Jurisdiction and Scope of Review**

42 U.S.C. §405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. When considering these cases, this section directs the Court to accept

the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938). The Court's scope of review is limited to whether or not the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner employed the proper legal standards in evaluating the plaintiff's claim. See Monger v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing Court does not try a benefits case *de novo*). The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted).

The Plaintiff moves for judgement on the pleadings pursuant to Rule 12(c), on the grounds that the ALJ's decision is not supported by substantial evidence in the record and is not in accordance with the applicable legal standards. The Commissioner claims that the ALJ's decision is supported by substantial evidence in the record and moves for judgment on the pleadings to affirm this decision. Judgment on the pleadings may be granted under Rule 12 (c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988).

If after reviewing the record, the court determines that a plaintiff has not plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" judgment on the pleadings may be appropriate. Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1940, (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544,(2007)). This Court finds that there was substantial evidence in the record for the ALJ to find that Plaintiff was not disabled within the meaning of the Act. Therefore, the Commissioner's motion for judgment on the pleadings is granted, and Plaintiff's motion is denied.

## II. **There is Substantial Evidence in the Record to Support the Commissioner's Decision that the Plaintiff was not disabled within the meaning of the Act.**

In his decision, the ALJ followed the required five-step analysis for evaluating disability claims. See Tr. at 16-27. The five-step analysis requires the ALJ to consider the following:

(1) Whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has a severe impairment which significantly limits her physical or mental ability to do basic work activities;

(3) if the claimant suffers a severe impairment, the ALJ considers whether the claimant has an impairment which is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, if so, the claimant is presumed disabled;

(4) if not, the ALJ considers whether the impairment prevents the claimant from doing past relevant work;

(5) if the claimant's impairments prevent her from doing past relevant work, if other work exists in significant numbers in the national economy that accommodate the

4

> claimant's residual functional capacity and vocational factors, the claimant is not disabled.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v).

In this case, the ALJ found that (1) Plaintiff had not engaged in substantial gainful activity since January 24, 2008; (2) Plaintiff has the following severe impairments: lumbar degenerative disc disease, right knee chondromalacia, depressive disorder, NOS, post traumatic stress disorder and borderline intellectual functioning; (3) Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) Plaintiff did not have any past relevant work experience; and (5) Plaintiff has the residual functional capacity to perform sedentary work. (Tr. at 18-22). Therefore, the ALJ found that Plaintiff was not disabled within the meaning of the Act.

Plaintiff is a 46 year old woman with a high school education and has limited past work experience. During the relevant period, Plaintiff worked as a short order cook and an assistant to a disabled veteran. See Tr. at 259-267. She also has previous work experience as an assistant to a disabled woman, a cashier, a housekeeper and a seamstress. See Tr. at 43-45, 262-267. Plaintiff has sought work placement through VESID and attended medical secretary classes at BOCES. See Tr. at 80-82, 155. Plaintiff has an IQ of 75, which constitutes borderline intellectual functioning,

5

and her primary physical complaints are back and knee pain. See Plaintiff's Memorandum ("Pl. Mem.") at 2, 17. She testified that she could sit for 10-15 minutes before having to reposition herself due to back pain, stand and walk for 15 minutes without pain and lift five pounds. See Tr. at 270. She can cook meals in the microwave and has a friend help her with the laundry and most of her grocery shopping. See Tr. at 271-2. At the time of the hearing, Plaintiff's medications included ibruprofen, hydrochlorothiazide, amlodipine, remeron, wellbutrin, seroquel, naproxen, etodolac, solpidem tartrate and vicodin. See Tr. 88, 155, 277.

Plaintiff first complained of back pain to her treating physician, Dr. Robert Whelpley, M.D., in 2003 and was diagnosed with an extruded disc herniation and chronic degenerative disc disease after an MRI on October 31, 2003. See Tr. at 134. She was referred to a neurosurgeon, Dr. Webster Pilcher, M.D., P.H.D., who recommended surgery, but Plaintiff did not undergo surgery for the condition. See Tr. at 113. On a follow-up visit, Dr. Pilcher recommended physical therapy. See Tr. at 110. Plaintiff did not complete physical therapy, but saw a pain management specialist, Dr. Alkhudari, for back pain from November 2008 through February 2009.

Plaintiff was incarcerated for a period of time and was treated for back pain, high blood pressure and foot calluses while

6

in prison. See Tr. at 114-119. Plaintiff saw Dr. Whelpley again in 2007 who noted that she did not have surgery for her back problems because of spontaneous improvement in her condition. See Tr. at 124. Also in 2007, Dr. Whelpley noted that Plaintiff had shown improvement and that she may "have some secondary gain in not having her back pain get better with the disability appeal." See Tr. at 123, 133.

Plaintiff was treated by Janice R. Benz, S.W. in 2007 and 2008 for anxiety and depression and she was prescribed Wellbutrin, Remeron and Seroquel by Ellen Stephens, P.N.P. on January 9, 2008 for dysthymic disorder and personality disorder NOS. See Tr. at 161-165. On May 20, 2008, Plaintiff reported to Benz that she was working at a bowling alley as a short order cook and she had recently gone to New York City on vacation with a friend. See Tr. at 155. She also reported that she had attempted to complete a program at BOCES to become a medical secretary, but she was unable to attend classes because of the bus schedule. Id. In July of 2008, Benz noted that Plaintiff said she was applying for SSI because of her back pain, but Plaintiff agreed that she could work with restrictions. See Tr. at 240. She also mentioned that she was taking fertility pills to have a child with her current boyfriend. Id. Plaintiff was discharged by Benz on October 10, 2008 for failing to come to her appointments. See Tr. at 243-246.

Plaintiff was examined by psychiatric consultative physician,

7

Dr. Shapiro, on April 26, 2008. See Tr. at 145. Dr. Shapiro stated that Plaintiff's prognosis was fair, but that she may have difficulty working with others, attending work and maintaining a schedule. See Tr. at 148. He also noted that she did not handle stress well and her history of substance abuse was a concern. Id. Plaintiff was, however, capable of taking care of herself, cooking, doing limited cleaning and shopping, managing her finances and getting along with family and friends. See Tr. at 148.

On May 5, 2008, consultative examiner Dr. Boehlert examined Plaintiff. Plaintiff reported to Dr. Boehlert that she used medication and physical therapy to relieve her back pain. See Tr. at 151. Plaintiff did not appear to be in distress at the exam and could walk normally and without difficulty or assistance. See Tr. at 151. Dr. Boehlert diagnosed Plaintiff with back pain, right hand pain, right knee pain, foot calluses, hypertension and depression. See Tr. at 153. Her prognosis was fair and Dr. Boehlert stated that she had mild limitations in ambulation, pushing or pulling in a standing position due to low back pain and knee pain. Id.

Nurse Practitioner Kimberley Betker completed a report in July 2008 for Plaintiff's SSI application, which was also signed by Dr. Whelpley. See Tr. at 206-210. In the report, Betker noted a diagnosis of low back pain which was likely to impair her concentration. Id. Plaintiff, however, could lift 10 pounds

frequently and 20 pounds occasionally, sit, stand and walk each for two hours at a time and four hours out of an eight hour work day, frequently use her hands and feet and occasionally kneel, stoop, push and pull. Id. Betker opined that she was likely to be absent from work for four days per month. Id. Betker also completed a separate employability report in which she alone opined that Plaintiff was very limited in walking, standing, lifting, carrying and climbing stairs, but was not limited in other areas. See Tr. at 252. Betker stated that Plaintiff "may not work" due to her herniated disc. See Tr. at 253. Dr. Whelpley did not co-sign the employability report.

Dr. Whelpley again saw Plaintiff in September and October 2008 for right knee pain. Dr. Whelpley prescribed Lodine and a 3 pound ankle weight, which Plaintiff did not obtain. See Tr. at 237, 234. Plaintiff reported that the Lodine helped with the knee pain, but an x-ray showed degenerative changes under the patella. See Tr. at 234. Plaintiff was referred to an orthopedic surgeon and prescribed gabapentin for her continued back pain. Id. In January 2009, orthopedic surgeon, Dr. Richard Sternberg diagnosed plaintiff with chronic internal derangement of the knee, medial meniscal tear and an medial collateral ligament sprain. See Tr. at 218-19. In March, Dr. Whelpley cleared Plaintiff for right knee arthroscopy and prescribed Flexeril for back spasms. See Tr. at 230-32. He stated that her depression was being treated. See Tr. at 231-2.

9

In November 2008, Dr. Alkhudari evaluation Plaintiff's condition and reviewed the 2007 MRI findings. See Tr. at 214-15. Dr. Alkhudari diagnosed chronic low back pain attributed to a herniated disc and lumbar facet arthropathy. Id. Plaintiff's gait and muscle strength in the lower extremities were normal, straight leg sign was negative, Patrick sign was positive on the right and there was no muscular wasting or allodynia. Plaintiff also presented with paralumbar spinal and mild sacroiliac joint tenderness. Dr. Alkhudari planned epidural steroid injections for the pain. In February 2009, Plaintiff saw Dr. Alkhudari for a lumbar epidural steroid injection. See Tr. at 211-222. Dr. Alkhudari's findings were substantially unchanged since his 2008 assessment, and Plaintiff reported some pain relief from the injections. Id.

Dr. Whelpley and NP Betker again cosigned a report in March 2009. In that report, they opined that plaintiff could lift and carry 10 pounds occasionally, and she could sit, stand, and walk for one hour in an eight hour day based on a herniated disc and osteoarthritis in her knee. See Tr. at 225-229. They opined that she would have good and bad days and would likely be absent from work for more than four days per month. See Tr. at 229. Plaintiff subsequently underwent a knee operation on March 23, 2009.

The ALJ determined that the diagnoses and treatment notes of Plaintiff's treating physicians, Dr. Whelpley and NP Betker, prior

10

to the March 2009 report, were consistent with the medical evidence in the record, including the medical evidence from the consultative physicians.  See Tr. at 23-26.  He also found that Plaintiff's credibility was undermined by the fact that she had attempted to get pregnant by using fertility treatment, which was not consistent with her complaints of debilitating back pain.  See Tr. at 25.  The ALJ found that Plaintiff's postural and mental limitations did not "significantly erode the sedentary occupational base," and that Plaintiff had the residual functional capacity to perform sedentary work. Id.

This court finds that there is substantial medical evidence in the record for the ALJ to conclude that the Plaintiff was not disabled within the meaning of the Social Security Act, and that the Plaintiff could perform sedentary work.  Sedentary work is defined as work that involves sitting, with occasional standing or walking, lifting no more than 10 pounds at a time, and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. §404.1567(a). Based on the Plaintiff's treating physicians' treatment notes and 2008 report and the consultative physicians' reports, there is substantial evidence to support a finding that Plaintiff could lift and carry 10 pounds and could sit with occasional standing or walking.

Plaintiff argues that the ALJ did not properly weigh the March 2009 opinion of her treating physician and nurse practitioner,

however, this Court finds that the ALJ properly weighed the March 2009 opinion of Whelpley and Betker. The ALJ found that the evidence in the record supported the treating physicians' July 2008 report, but that the March 2009 report contradicted the other evidence in the record, as the earlier report was supported by the other treatment notes submitted by Dr. Whelpley and those of the consultative physicians, and the record did not show a significant worsening of Plaintiff's condition between July 2008 and March 2009. The ALJ's finding is supported by the treatment notes of SW Benz, in which she reports that Plaintiff was able to attend classes, take vacations and was trying to get pregnant. Dr. Alkhudari also did not report significant changes between Plaintiff's 2008 and 2009 visits. This Court also notes that Plaintiff did not fully comply with several of the treatment options recommended to her, including back surgery, physical therapy and ankle weights, and on one occasion it was noted that she may have secondary gain in not seeking treatment for her back pain. Therefore, this Court finds that the ALJ properly accorded the March 2009 report less weight, as the record supports the treating physician's earlier finding and does not support a worsening of Plaintiff's condition.

Additionally, this Court finds that the ALJ properly determined that the Plaintiff's subjective complaints were not credible as they were not supported by the record, including the

12

medical evidence of her treating physicians and the evidence of Plaintiff's daily activities. For example, Plaintiff testified that she could only stand or sit for 10-15 minutes at a time and lift 5 pounds, but even the March 2009 report from Plaintiff's treating physicians states that she is able to stand and sit for an hour at a time and lift 10 pounds. Plaintiff reported that she was able to take care of her eight year old son, do limited cleaning and shopping, cook in the microwave, drive and take public transportation. Additionally, Plaintiff had told SW Benz in 2008 that she could work with limitations and that she was seeking a clerical job as a medical secretary. Therefore, this Court finds that the ALJ properly determined that Plaintiff's subjective complaints of debilitating back pain were not credible.

Based on the entire record, this Court finds that the ALJ employed the appropriate legal standards and there is substantial evidence in the record to support the ALJ's decision that Plaintiff could perform sedentary work and therefore, was not disabled within the meaning of the Social Security Act.

## **CONCLUSION**

For the reasons set forth above, this Court finds that the Commissioner's decision to deny the Plaintiff benefits is supported by substantial evidence in the record. Therefore, I grant the Commissioner's motion for judgment on the pleadings. The Plaintiff's motion is denied, and her complaint is dismissed with

prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca

MICHAEL A. TELESCA

United States District Judge

Dated:   Rochester, New York

December 1, 2010